IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MTISHA JACKSON**                                                                                       **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 3:15CV139-HTW-LRA**

**TRUSTMARK**                                                                   **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the Motion to Proceed *in Forma Pauperis* [2] filed on February 27, 2015, by Mtisha Jackson [hereinafter "Plaintiff"]. The undersigned, being fully advised in the premises and having examined the application and affidavit submitted, does hereby find that Plaintiff, who is disabled and receives $831 per month in Supplemental Security Income and other public assistance, is indigent under the law. Plaintiff also has two children, ages 3 and 6, who rely on her for support. She has no cash or other assets, other than a 2001 Ford Taurus. According to Plaintiff, Defendant Trustmark owes her over $1,000,000, but she does not describe the nature of this debt.

Based upon the information presented by Plaintiff in her sworn affidavit, the undersigned concludes that Plaintiff is indigent under the law and should be granted *in forma pauperis* status for the purpose of filing this lawsuit. A grant of leave to proceed *in forma pauperis* is made by considering only a litigant's economic status. *See Eason v. Holt,* 73 F.3d 600, 602, n. 10 (5th Cir. 1993). However, the Court may also examine the merits of the claims before allowing process to be issued.

Plaintiff lists "Trustmark" as the defendant in the style of her Complaint but then names a "Lotoya Mcjunkin" as a defendant. Plaintiff's Complaint [1] is quoted verbatim in part as follows:

> ... I had proof of a granted lawsuit from publish Clearinghouse sweepstake and in forma pauperis status. And some Routing Numbers from Government jobs. They Policy Disclosure And Agreement for and from accounts transactions, to be authorize they did not do. Then the next day I came back they called the police and I told them I had that eligibility to work as an account technician on Clinton Blvd of Clinton MS. Then I had went to Trustmark Clinton, MS Northside Dr. I played a they had played my lotto powerballs numbers and lottery numbers & megaplay numbers. That was contract with Banks in America and Engraving Bureau Printing in Washington D.C. and asked for my information and she knew nothing about that. as if she trying to to be rude and doing wrong customer service.

Complaint [1], p. 1.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2). *Neitzke*.

A court must "dismiss [an IFP] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under the IFP statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true,

the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F. App'x 435, 435 (5th Cir. 2013) (per curiam) (internal quotation marks omitted).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

After reviewing the Complaint, the undersigned is unable to determine the factual circumstances giving rise to Jackson's claim, the legal basis for her claim, the type of relief she is seeking, or even whether the Court has jurisdiction. The Plaintiff is prosecuting this case *pro se*. Therefore, her pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted and her Complaint should be dismissed *sua sponte* for this reason.

Since the Court has not considered the merits of Plaintiff's claims and there have been no substantive proceedings on the claims in this Court, the Court's order of dismissal should be without prejudice. *Cf. Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006) (per curiam).

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be

granted. Plaintiff may amend her Complaint within 14 days, and object to dismissal, should she wish to do so.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of March 2015.

                                                        s/ Linda R. Anderson  
                                      UNITED STATES MAGISTRATE JUDGE